UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-50-KKC-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| BRANDON JOVON GOLSON, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Brandon Jovon Golson's fourth motion requesting that the Court order his release from prison. (DE 60). On August 1, 2017, Golson pleaded guilty to possession with intent to distribute 100 grams or more of heroin. (DE 26). He was sentenced to 144 months of imprisonment by judgment dated December 7, 2017. (DE 36). He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release."

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting

compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government concedes that Golson has exhausted his administrative remedies. Accordingly, the Court has authority to consider Golson's request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Golson has not presented evidence that his health conditions present any more serious circumstances than any other defendant incarcerated during the COVID-19 pandemic. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors

set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Golson's sentencing hearing and has reconsidered them for this motion. Golson has been deemed a career offender.[1] Golson has a troubled history of convictions for serious and dangerous drug offenses. The presentence report states that Golson traveled to the Lexington area by bus, carrying approximately 99.7 grams of deadly heroin and more than 1,200 Oxycodone tablets.

---

[1] Defendant argues that his prior state felonies which served as a basis for his career offender designation are "attempt" crimes that are excluded under *United States v. Havis*, 927 F.3d 381 (6th Cir. 2019). However, Golson provides no legal or evidentiary support, and the presentence report does not indicate that his prior convictions were attempt crimes. In addition, the United States Probation Office has advised that "Golson's statu[s] as a career offender was valid at the time of sentencing and remains a valid guidelines determination at this time." (DE 64 at 9).

Additionally, the presentence report states that Golson's previous federal term of supervised release was revoked after committing drug trafficking felonies in Michigan. These crimes were violent, reckless, and seriously threatened the health and safety of those in the community. He has demonstrated no respect for the rule of law. Therefore, in consideration of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Golson's sentencing, it is not appropriate to order Golson's release at this time.

Accordingly, the Court **HEREBY ORDERS** that Golson's motion for compassionate release (DE 60) is DENIED.

Dated January 29, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY