UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>BRANDON JOVON GOLSON,<br>    Defendant. | CRIMINAL NO. 5:17-00050-KKC-MAS<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Brandon Jovon Golson's motion for a sentence reduction. (DE 68.) For the reasons stated below, the motion is **DENIED**.

On August 1, 2017, the defendant pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (DE 27.) By judgment dated December 5, 2017, the Court sentenced him to 144-months imprisonment and 6 years of supervised release. (DE 36.) He asserts in his motion that the Court erred at sentencing in classifying him as a career offender.

A district court's authority to amend a federal judgment is limited. Golson asserts the judgment must be amended because of an error by the Court. Federal Rule of Criminal Procedure 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This rule is inapplicable because more than 14 days have elapsed since Golson's sentencing. Rule 36 permits the Court to, "at any time correct a clerical error in a judgment," but Golson does not assert a clerical error. The statute providing for compassionate release, 18 U.S.C. § 3582(c)(1)(A), permits the Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment." Golson does not cite this statute in his motion. Moreover, a sentence reduction under this statute is possible only if the Court finds "extraordinary and compelling reasons warrant" the reduction and that a sentence reduction is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). The Court has previously denied multiple motions by Golson for compassionate release and continues to find that release is not warranted for the reasons stated in the Court's most recent order denying compassionate release (DE 65) and at sentencing.

For all these reasons, the Court **HEREBY ORDERS** that the defendant's motion for a sentence reduction (DE 68) is **DENIED.**

This 5th day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY